# UNITED STATES

v.

**Airman First Class Stephen E. SHOUP, FR 536–90–7941, United States Air Force.**

## ACM 28341.

U.S. Air Force Court of Military Review.

Sentence Adjudged 12 Jan. 1990.

Decided 30 Oct. 1990.

---

Appellate Counsel for the Appellant: Colonel Richard F. O'Hair and Captain Richard W. Aldrich.

Appellate Counsel for the United States: Colonel Robert E. Giovagnoni; Major Paul H. Blackwell, Jr. and Captain Morris D. Davis.

Before LEONARD, RIVES and McLAUTHLIN, Appellate Military Judges.

## DECISION

LEONARD, Senior Judge:

Appellant asserts two errors for our consideration. First, he maintains that he was prejudiced by the trial counsel improperly arguing facts that were not in evidence. Second, he alleges that he was denied procedural due process with regard to the pretrial processing of his case. We find error, but no prejudice.

■ During his sentencing argument in a trial before military judge alone, trial counsel argued the following:

This is the third drug case you have heard this week; there were many before and there will be many more in the future ...

\*　　\*　　\*　　\*　　\*　　\*

Over twenty people died in Panama a few weeks ago trying to stop drugs from coming into this country.

■ There were no facts in evidence to support either argument and there was no objection to either argument by the trial defense counsel.

■ We find that trial counsel's argument was an improper comment on facts that were not in evidence. *United States v. Clifton*, 15 M.J. 26 (C.M.A.1983); *United States v. Shows*, 5 M.J. 892 (A.F.C.M.R. 1978). However, we hold that trial defense counsel's failure to object to the argument waived appellate review of this issue. R.C.M. 1001(g). Further, even if the issue were not waived, we would find no prejudice in this judge alone trial before an experienced trial judge.

In his second assertion of error, appellant maintains that the manner in which the government processed his Request for Discharge in Lieu of Trial by Court–Martial resulted in a denial of procedural due process that should invalidate the referral of his charges. The basis for this allegation of error is twofold.

■ First, he alleges that the government improperly delayed processing of his charges so that his request for discharge could be denied by the special court-martial convening authority, who also served as appellant's unit commander, instead of being sent to the general court-martial convening authority for action.

■ The government responded to this assertion with an affidavit from the Chief of Military Justice of the general court-martial convening authority. That affidavit sets forth the sequence of events in the processing of appellant's case at the general court-martial convening authority's level. After reviewing that affidavit and the remainder of the record of trial, we find no evidence of any delay in the processing of appellant's court-martial charges that would equate to a denial of procedural due process. Further, we note that appellant presented no objection at his trial based on "the preferral, forwarding, investigation, or referral of charges". Failure to raise such objections waives appellate review. R.C.M. 905(e).

Second, appellant alleges that the government failed to follow the regulatory procedures for processing a Request for Discharge in Lieu of Trial by Court–Martial.\* Specifically, he maintains that regulatory provisions applying to the appropriate level of approval or denial of his request for discharge were wrongfully interpreted and the required legal review was not accomplished. He contends the error of interpretation prejudiced him because the general court-martial convening authority was not aware of his request for discharge and was foreclosed from acting on that request because it was denied at a lower level.

■ Failure to follow regulatory provisions while processing administrative actions does not necessarily create issues of procedural due process that are reviewable by military courts of review. *United States v. White*, 19 M.J. 662 (C.G.C.M.R.

---

\* The processing of Requests for Discharge in Lieu of Trial by Court–Martial are governed by Air Force Regulation 39–10, *Administrative Separation of Airmen,* Chapter 4 (April 1988). Appellant alleges the government misinterpreted or failed to follow applicable provisions of this regulation during the processing of his request for discharge.

1984). However, if a properly processed discharge or resignation action would have abated court-martial proceedings, a failure to process such action through to completion may be grounds for due process review. *United States v. Woods*, 26 M.J. 372 (C.M.A.1988). Further, if the failure to properly process a personnel action impacts the lawfulness of an order, the processing of the action may be reviewable on due process grounds. *United States v. Larson*, 20 U.S.C.M.A. 565, 43 C.M.R. 405 (1971). Also, the failure to follow regulations may affect the admissibility into evidence of a record of an administrative action. *United States v. King*, 29 M.J. 535 (A.F.C.M.R.1989).

█ The facts of this case do not involve any of the rationale for review listed above. There was no issue of a required abatement of appellant's court-martial while the request for discharge was pending. Appellant's request for discharge had been denied by the special court-martial convening authority before his charges were referred to trial. Further, in the Air Force, processing of a Request for Discharge in Lieu of Trial by Court–Martial does not require abatement of court-martial proceedings. Air Force Regulation 39–10, *Administrative Separation of Airmen*, table 4–1 (April 1988). Appellant was charged with use of amphetamines and there was no issue of the lawfulness of an order involved in his case. Also, there is no error alleged involving the admissibility of a record of an administrative action.

In conclusion, we hold that appellant's right to pretrial procedural due process does not extend to every technicality in the processing of an administrative action occurring during the pendency of his court-martial charges. *Larson*, 43 C.M.R. at 408. Appellant has neither alleged nor shown that the processing of his charges or the outcome of his trial would have been any different if the general court-martial convening authority had acted upon his request for discharge or if a legal review had been performed on that request. Appellant's allegations of errors, at most, amount to a lack of administrative due process in the processing of his request for discharge. Such lack of administrative due process does not equate to a denial of due process in his court-martial.

We have examined the record of trial, the assignment of errors, and the government's reply and have concluded that the findings and sentence are correct in law and fact, the sentence is appropriate, and no error prejudicial to the substantial rights of the accused was committed. Accordingly, the findings of guilty and sentence are

AFFIRMED.

Judges RIVES and McLAUTHLIN concur.