UNITED STATES

v.

Cesar A. LUGO, Gunner's Mate Third
Class (E–4, U.S. Coast Guard).

CGCMS 23986.
Docket No. 961.

U.S. Coast Guard Court of
Military Review.

12 March 1991.

Trial Counsel: LT Mark R. Higgins,
USCG.

Detailed Defense Counsel: LT Mark R.
Stewart, USCGR.

Appellate Defense Counsel: LT G Arthur
Robbins, USCG.

Appellate Government Counsel: LT Michael A. Carney, USCG.

Before Panel One BAUM,
BRIDGMAN, and SHKOR, Appellate
Military Judges.

BAUM, Chief Judge:

Appellant, after pleading guilty pursuant
to a pretrial agreement, was convicted by
Special court-martial judge alone, of various offenses under the Uniform Code of
Military Justice, (UCMJ), including wrongful use of cocaine and heroin.[1]   The

---

1.  The offenses of which appellant stands convicted are:  one specification of failure to obey a lawful order;  one specification of unauthorized sale of military property;  two specifications of

judge sentenced appellant to a bad conduct discharge, confinement for five months, and reduction to pay grade E–2. The convening authority approved the bad conduct discharge, confinement for four months, and the reduction to pay grade E–2, which conformed to the terms of the pretrial agreement.

Before this Court, appellant has assigned two errors:

## I

THE PROMULGATING ORDER OF THE CONVENING AUTHORITY DOES NOT ACCURATELY REFLECT THE FINDINGS OF THE COURT MARTIAL.

## II

A PUNITIVE DISCHARGE MAY NOT BE APPROVED AND EXECUTED UNTIL THE SECRETARY OF TRANSPORTATION IMPLEMENTS PROCEDURES AND PROVIDES FACILITIES TO TREAT AND REHABILITATE APPELLANT FOR HIS DEPENDENCY ON DRUGS AND ALCOHOL.

## I

In his first assignment, appellant points out that the convening authority's special court-martial order erroneously states that appellant pled and was found guilty of absence from place of duty under Article 86, UCMJ, 10 U.S.C. § 886 and wrongful use of morphine under Article 112a, UCMJ. The Government acknowledges this error and has agreed to coordinate any corrective action deemed necessary by the Court. The promulgating order is indeed incorrect, as noted by appellant, and must be modified. Accordingly, a supplementary order shall be issued by appropriate authority in accordance with RCM 1114(b)(2) accurately

reflecting the offenses to which appellant pled guilty and was found guilty. Moreover, in issuing the new promulgating order, care shall be taken to comply with the requirements of RCM 1114(c) to correct the additional defects which Judge Bridgman has elaborated upon in his separate opinion. Both Judge Shkor and I join fully with Judge Bridgman's views concerning this matter as well as all other aspects covered in his opinion. We are all in agreement with the additional errors noted and the appropriate action that follows.

## II

In his second assignment, appellant asserts that the sentence should not be approved because of the Coast Guard's failure to meet its obligation to provide drug and alcohol rehabilitation to appellant under a recently amended U.S.Code provision. Appellant cites Public Law 101–510 of 5 November 1990, the Department of Defense Authorization Act, as amending 10 U.S.C. 1090 to require the Coast Guard to provide rehabilitation to members who are dependent on drugs or alcohol.[2]

Appellant acknowledges that prior to this amendment, on the date of trial and when the convening authority acted on the sentence, the Coast Guard was not bound to provide the drug treatment and rehabilitation that was required of the other military services. He argues, however, that since appellant is, in fact, drug dependent and is entitled to rehabilitation now, the Coast Guard cannot meet that obligation to appellant merely by discharging him.

As a result, appellant contends that this Court should either not affirm a sentence which includes a bad conduct discharge or,

---

wrongful use of cocaine; and one specification of wrongful use of heroin in violation respectively of Articles 92, 108 and 112a of the UCMJ, 10 U.S.C. §§ 892, 908, 912a. The judge considered the heroin use specification and one of the cocaine use specifications as multiplicious for findings and sentencing purposes. Accordingly, although he found the accused guilty of each separate specification, the judge treated the two as a single use of controlled substances.

**2.** 10 U.S.C. 1090, as amended, reads as follows: "The Secretary of Defense, and the Secretary of Transportation with respect to the Coast Guard when it is not operating as a service in the Navy, shall prescribe regulations, implement procedures using each practical and available method, and provide necessary facilities to identify, treat, and rehabilitate members of the armed forces who are dependent on drugs or alcohol." 10 U.S.C. 1090 as amended by P.L. 101–510, sec. 553.

in the alternative, should set aside the findings and sentence approved by the convening authority and return the record for a new action, after the Coast Guard has properly addressed the treatment and rehabilitation of appellant's drug and alcohol addiction. In short, it is appellant's position that, since such rehabilitation treatment is required today and appellant has not received it, we cannot affirm the punitive discharge until there is compliance with Congress's mandate in this regard.

Government Counsel, in responding, notes that appellant does not allege, nor is there any indication that 10 U.S.C. 1090 was intended as a condition precedent to a Court of Military Review approving a bad conduct discharge. Moreover, according to the Government, this court is not the proper forum for review of government compliance with an administrative matter such as drug and alcohol treatment under 10 U.S.C. 1090.

As a general proposition, we agree with that assertion. However, failure to afford an accused drug rehabilitation required by statute may certainly be reviewable by this court if failure to provide such treatment, somehow, impinges on sentence appropriateness or possibly even court-martial due process. *U.S. v. Shoup,* 31 M.J. 819 (A.F.C.M.R.1990), a case cited by the Government, certainly seems to support this conclusion. Accordingly, we have reviewed the record with this in mind and find no failure of military due process or any effect on sentence appropriateness due to lack of rehabilitation treatment.

In conducting this review, we have judicially noted the amendment of 5 November 1990 to 10 U.S.C. 1090. While there is no evidence in the record establishing whether rehabilitation treatment has or has not been afforded since passage of this amendment, the defense brief asserts there has been none. Accordingly, for purposes of resolving this issue, we have treated appellant's failure to receive required treatment as fact and have assumed, without deciding, that appellant qualifies in all respects for such treatment in accordance with the statute. Under all the circumstances of this case, despite appellant's not having received the rehabilitation which he asserts is mandated, we find the sentence appropriate for these offenses and this accused.

It is now up to other appropriate authorities to determine how and when to comply with 10 U.S.C. 1090. Whether the Coast Guard provides treatment to the appellant before his separation from the service, is a matter for determination by those other authorities and does not affect our determination under Article 66, Uniform Code Military Justice, 10 U.S.C. § 866. Rehabilitation treatment may delay the execution of a court imposed discharge that has been affirmed by this Court, or it may bear on clemency deemed warranted by the appropriate authorities tasked with considering such action, but it need not delay our determination whether a particular sentence should be approved.

Those are decisions to make after judicial review is complete. For that reason, the assignment of error is rejected.

We have reviewed the record pursuant to our responsibilities under Article 66, UCMJ. In so doing, we have considered all matters bearing on sentence, including the judge's recommendation to the convening authority and other post-sentencing submissions to that authority and this Court. We have concluded that the sentence approved by the Convening authority is correct in law and fact and should be approved. In reaching this conclusion, we have applied the analysis set out in Judge Bridgman's separate opinion. The findings and sentence approved below are affirmed.

Bridgman, Judge (concurring).

I concur fully with the principal opinion and write separately to address certain matters that have not been raised in the assignments of error. An examination of the record indicates that, in addition to the errors in the promulgating order, the recommendation of the Staff Judge Advocate fails to accurately state the findings of the court-martial. In fact, the findings stated in the promulgating order do not conform to the findings as stated in the recommendation, despite the fact that the promulgat-

ing order was submitted to the convening authority as an attachment to the recommendation.

■ One of the fundamental reforms of the Military Justice Act of 1983 was to reduce the burden of the initial review and action on courts-martial. The Staff Judge Advocate no longer has to prepare an exhaustive legal and factual analysis of the record and the convening authority no longer has to act on the findings, however, this simplification did not change the requirement that the recommendation and promulgating order accurately reflect what took place at trial regarding the charges and findings. Indeed, since the convening authority may rely on the Staff Judge Advocate's recommendation to provide concise information on the findings and sentence, and need not review the record of trial before taking his action on the sentence, it is imperative that the recommendation be accurate and contain all the material specified in R.C.M. 1106(d)(3), lest appellate courts feel a compelling urge to again add gloss to those simple requirements.

Conscientious adherence to the required contents of the promulgating order under R.C.M. 1114(c), including "the charges and specifications, or a summary thereof, on which the accused was *arraigned;* the accused's pleas; the findings *or other disposition* of each charge and specification...." (emphasis added), will eliminate errors in this document. Errors in the promulgating order are at best embarrassing, and have the potential for creating doubt as to whether the convening authority was fully aware of the findings which support his action on the sentence.

In regard to the drug offenses, the military judge found the accused guilty of: use of cocaine, 21–24 October 1989, under Charge IV; use of heroin, 21–24 October 1989, under Additional Charge I; and use of cocaine, 18–21 March 1990, under Additional Charge I. The military judge also found the specification covering use of cocaine, 21–24 October 1989, and the specification covering use of heroin, 21–24 October 1989, to be multiplicious for both findings and sentence. Contrary to his expressed desire to avoid any confusion, the military judge did not require the specifica-

tions to be combined into one, but allowed "those 2 specifications to remain separate with findings of guilty as to each." (R–58). While we have no difficulty ascertaining that the military judge did treat the two offenses as one for both findings and sentence, following the preferred practice of combining the specifications is strongly encouraged.

The Staff Judge Advocate's recommendation recites findings of guilty of three specifications concerning drug use, without reference to the charges, and fails to mention that the military judge found the specifications relating to the 21–24 October 1989 time period to be a single drug use for both findings and sentence. The promulgating order unexplainably recites a plea and findings of guilty of unauthorized absence, under Charge I, and recites guilty pleas and findings, under Charge IV, of one specification of use of cocaine and one specification of use of morphine, both devoid of dates. No mention is made of the remaining charges and specifications on which the accused was arraigned, the accused's pleas, or the disposition thereof.

■ Appellant does not assert prejudice as a result of the errors in the recommendation or promulgating order, merely requesting the order be corrected to accurately reflect the offenses of which he was found guilty. Failure of counsel for the accused to comment on the omission in the Staff Judge Advocate's recommendation waives later claim of error, in the absence of plain error. (R.C.M. 1106(f)(6)). Assuming arguendo that plain error exists due to the failure of the recommendation to note multiplicity and the inclusion of findings of guilty of unauthorized absence and the misdesignation of a drug used as "morphine" in the promulgating order, we have independently evaluated these errors for prejudice.

The accused stands convicted of multiple serious offenses, including two occasions of use of cocaine. We have no difficulty in finding that the inclusion of the relatively minor offense of unauthorized absence in the promulgating order did not adversely affect the convening authority's action on the sentence. The failure of the post-trial

documents to accurately reflect the military judge's findings of multiplicity and the erroneous inclusion of morphine use, cause more concern; however we are not faced with the issue of determining the sentence which the trial court would have adjudged, absent the errors. (*U.S. v. Sales*, 22 M.J. 305 (CMA 1986)). Here, the military judge imposed sentence based on the correct findings. We need only consider whether the convening authority would have further reduced the sentence had he been aware of the correct findings, which would have reflected use of cocaine and heroin on one occasion and cocaine, instead of morphine, on another. Considering that the accused was a petty officer directly assigned to law enforcement duties and stood convicted of two serious drug use charges, in addition to other offenses, we do not believe that there is any likelihood that the convening authority would have not approved the bad conduct discharge and the reduction to pay grade E–2, or have reduced the period of confinement below four months, in accord with the pre-trial agreement.

Chief Judge BAUM concurs with Judge BRIDGMAN and Judge SHKOR concurs with both Chief Judge BAUM and Judge BRIDGMAN.