UNITED STATES

v.

Eric S. NORRIS, Seaman Recruit,
U.S. Coast Guard.

CGCM 0044.
Docket No. 972.

U.S. Coast Guard Court of
Military Review.

2 Aug. 1991.

Trial Counsel: LT Sherry J. Letexier, JAGC, USNR.

Detailed Defense Counsel: CAPT J.L. Whitmer, USMC.

Appellate Defense Counsel: LCDR G Arthur Robbins, USCG.

Appellate Government Counsel: LCDR Michael J. Devine, USCG.

Appellate Government Counsel: LT Garland M. Walker, USCGR.

Before Panel Two, BAUM, GRACE and BASTEK, Appellate Military Judges.

BAUM, Chief Judge:

Appellant was tried by general court-martial judge alone. Pursuant to pleas of guilty, entered in accordance with a pretrial agreement, he was convicted of nine specifications of assault and battery on four female victims in violation of Article 128, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 928; one specification of destruction of private property in violation of Article 109, UCMJ, 10 U.S.C. § 909; and one specification of communicating a threat to injure, one specification of impersonating an agent of superior authority, and one specification of obstructing justice, all in violation of Article 134, UCMJ, 10 U.S.C. § 934. The judge imposed a sentence of a dishonorable discharge, confinement for three years and forfeiture of all pay and allowances. The Convening Authority approved the sentence but suspended all confinement in excess of eighteen months, as required by the pretrial agreement.

Before this court, appellant has assigned three errors: (1) that his pleas of guilty were rendered improvident by the judge's failure to provide adequate advice in accordance with Rule for Courts–Martial (R.C.M.) 910; (2) that appellant's punitive discharge, confinement in excess of six months and forfeitures in excess of two-thirds pay per month for six months should be disapproved because of an inadequate record of trial; and (3) that the sentence is disproportionately severe.

## I

### Guilty Plea Advice and Inquiry

We note that the military judge, a Navy Captain with many years on the bench, failed to provide the detailed guilty plea advice and inquiry we have come to expect of Coast Guard judges who follow the Coast Guard's Trial Guide. Despite the departure from Coast Guard practice, we are unable to say that the inquiry and explanation of rights fail to meet the minimum requirements of R.C.M. 910 and case law on the subject. We agree with Appellate Government Counsel's assertion that the record as a whole establishes that appellant's guilty pleas were informed and voluntary and that the requirements of R.C.M. 910 were satisfied. As a caveat,

however, abbreviated judicial explanations and inquiries should be avoided. The Coast Guard Trial Guide sets out a road map for averting error that may materially prejudice substantial rights or possibly cause guilty pleas to be found improvident. While not required, failure to follow that Guide invites potential error.

## II

### Adequacy of the Record of Trial

■ Article 54(c), UCMJ, 10 U.S.C. § 854(c) requires the preparation of a "complete record of the proceedings and testimony" in each general court-martial with an adjudged sentence of the magnitude here. That statutory provision has been implemented by R.C.M. 1103, which spells out further details and requirements for "a complete record", as well as responsibility for the preparation of such a record. Appellant contends that the requirements of R.C.M. 1103 have not been met, leaving this court with a record inadequate to meet our review responsibilities and necessitating disapproval of appellant's dishonorable discharge, all confinement in excess of six months, and forfeiture in excess of two-thirds pay per month for six months. In this regard, appellant asserts three specific areas of deficiencies in the record: (1) enclosures 9 through 13 of the Article 32, UCMJ pretrial investigation are missing; (2) the terms of suspension of the sentence are not included in the record; and (3) a petition for clemency or assignment of legal error considered by the Convening Authority is missing. All of the absent items noted by appellant, while required by R.C.M. 1103, are characterized in that Rule as "matters attached to the record." Arguably, that description implies that such components are not a part of the record itself. We believe otherwise, viewing these matters as integral segments of the "complete record" required by Article 54, UCMJ.

■ Apart from the statutory requirement for a "complete record," which Article 54, UCMJ calls for to support a sentence with a discharge or more than six months confinement and more than six months forfeiture of two-thirds pay per month, appellant argues that without the missing material this court is unable to fulfill its review responsibilities under Article 66, UCMJ, 10 U.S.C. § 866. In particular, appellant asserts that the incomplete enclosures to the Article 32 investigation report prevent us from determining whether there was material offered at that stage that should also have been presented later in extenuation and mitigation. Thus, the argument goes, we are left with insufficient information to evaluate the effectiveness of counsel during the sentencing phase of trial. Appellant also questions how the Court can evaluate counsel's post-trial assistance in the absence of the clemency petition noted by the Convening Authority in his action.

■ With respect to the conditions of suspension which have not been included in the record as required, appellate counsel asks whether the terms are both legal and permissible as a matter of public policy and whether they were ever served upon Appellant. He says these questions cannot be answered without the missing information. In response, we note that appellant's period of probation for the suspended sentence ended in April 1991. Accordingly, the questions raised concerning the terms of that suspended sentence are now moot and need not be addressed.

The deficiencies in the Article 32, UCMJ, investigation report and the missing clemency petition are another matter. First, we note that appellant failed to raise any issues at trial as to the Article 32 investigation. Moreover, there are no factual questions left hanging that might prompt our need to view the investigation exhibits. Since appellant pled guilty to the offenses, stipulated to the facts and satisfactorily answered the judge's questions during the providence inquiry, the missing enclosures would seem to offer little factually that cannot be gleaned elsewhere in the record. Notwithstanding the apparent irrelevance of the Article 32 investigation report enclosures at this point, appellant contends we need the missing documents because they might contain material that should have

been presented in extenuation and mitigation. He argues that upon viewing such enclosures, if we found material that should have been presented during sentencing, but was not offered, we might then find a denial of effective representation. Appellant makes essentially the same argument concerning the missing clemency petition, that, without it, we are unable to determine the effectiveness of post-trial representation.

■ Such assertions call for pure speculation on our part. Acceptance of appellant's argument would require us in every case to assure that no possible potential extenuation and mitigation matters or post-trial submissions were overlooked in order to meet our Article 66, UCMJ responsibilities. We reject such a requirement as an overbroad reading of our duties under Article 66. We see no need in this case for either the missing Article 32 enclosures or the clemency petition submitted to the Convening Authority in order for us to determine whether the findings and sentence are correct in law and fact and to decide what findings and sentence should be approved.

Additionally, with respect to the missing petition for clemency, we note a similarity between the facts here and those in *U.S. v. Dunbar*, 28 M.J. 972 (N.M.C.M.R.1989), *aff'd*, 31 M.J. 70 (C.M.A.1990), a case where harmless error was found. In *Dunbar*, the Convening Authority stated in his action that he had "considered ... comments of the defense counsel dated 18 October 1985,". *U.S. v. Dunbar, supra,* at 975. No defense comments were attached to the record and the Government conceded that it was unable to find any such written comments. In the instant case, the Convening Authority's action states: "I have received the petition for clemency submitted in the case of Seaman Recruit Eric R. [sic.] Norris 247 41 1168, USCG. The petition for clemency is denied ...". As in *Dunbar*, no clemency petition is attached to the record and neither appellant nor the Government has supplied the missing document.

■ In *Dunbar*, the Government, after conceding that it was unable to find any

documentation that could be considered comments by the defense, stated that the Convening Authority's reference to such comments was incorrect. Here, the Government makes no such concession or acknowledgment of error. Instead, after arguing that such matters considered by the Convening Authority are not part of the record of trial, the Government attempts to shift the burden to the Defense of coming forward with any such material and in the absence of such evidence asks us to presume it does not exist. That we will not do. It is the Government's responsibility to prepare the record of trial and no amount of argument can persuade us that failings in this regard somehow can be laid at the feet of the defense.

■ The action of the Convening Authority is a part of the record of trial for which the Government is responsible. The clemency petition referred to in that action should have been included in the record. We will not hold the Appellant accountable for the Government's failure. Furthermore, we will not presume the nonexistence of the petition as requested by the Government. Such an action would fly in the face of a presumption of long-standing, the presumption of regularity in the conduct of governmental affairs. *U.S. v. Masusock*, 1 U.S.C.M.A. 32, 1 C.M.R. 32 (1951). The Convening Authority says a clemency petition was received. Accordingly, we will presume that such a petition was received and considered. Despite the urgings of the Government, nothing has been waived by the defense in this regard.

■ The concept of waiver certainly has its place in the appellate review process. Overreliance on that concept, however, can lead to important issues being missed that should have been joined. In that event, decisions may be reached that overlook points that need to be addressed. Furthermore, assertion of waiver does not mean that errors, possibly serious ones, did not necessarily occur. Here, there is no question that the record fails to contain matters that R.C.M. 1103 requires. Those with responsibilities in this regard failed to meet them. Possibly, the fact that the two indi-

viduals primarily responsible for preparing and authenticating the record were not Coast Guard officers may account for some of the problems. That, however, does not excuse nor explain the failures by Coast Guard personnel at the Convening Authority and Staff Judge Advocate levels.

The original record was said to have been lost in the mail after posting about August 1, 1990. The copy before this Court was not received at Coast Guard Headquarters until February 14, 1991. Six and half months is far too long for the Maintenance and Logistics Command, Pacific to take to follow up on that loss and finally forward a copy of the record for review by this court. Moreover, once those responsible finally got around to preparing that copy, it was done in a slipshod fashion without including material that should have been readily available if jobs had been done properly at the Convening Authority and Staff Judge Advocate levels. Personnel with responsibilities in this area must do better in the future.

■ These shortcomings aside, we must decide whether the authenticated copy of the record of trial is sufficiently complete to meet the terms of Article 54, UCMJ. In this matter, we will be guided by case law on the subject of what constitutes a verbatim transcript. That law was succinctly stated in *U.S. v. Boxdale*, 22 U.S.C.M.A. 414, 415, 47 C.M.R. 351, 352 (1973): "[i]nsubstantial omissions from a record of trial do not affect its characterization as a verbatim transcript. *U.S. v. Donati*, 14 U.S.C.M.A. 235, 34 C.M.R. 15 (1963); *U.S. v. Nelson*, 3 U.S.C.M.A. 482, 13 C.M.R. 38 (1953)." We will apply that principle in determining whether the omissions in the instant record affect its characterization as being complete. For reasons previously outlined, we find the missing items are insubstantial, not impeding our review responsibilities under Article 66, UCMJ. Accordingly, we see this record as fulfilling the requirements of Article 54, UCMJ despite the noted deficiencies. Appellant's Assignment of Error II is deemed to be without merit.

## III

### Appropriateness of Sentence

■ Appellant contends that his sentence was disproportionately severe. He makes two arguments in support of this proposition: that the trial counsel's misconceptions, advanced in argument on sentence, misled the judge into imposing a disproportionately severe sentence and that such disproportion can be clearly seen when compared with other reported assault cases. We reject both of these arguments. We are satisfied from all that has been presented that the sentence in this case was not excessive for these offenses or for this accused.

Upon review pursuant to Article 66, Uniform Code of Military Justice (UCMJ), we find no error which materially prejudiced the substantial rights of the accused. The findings and sentence are determined to be correct in law and fact and on the basis of the entire record should be approved. Accordingly, the findings and sentence, as approved and partially suspended below, are affirmed.

Judges GRACE and BASTEK concur.