**888**

UNITED STATES

v.

**Patrick J. GOODES, Fireman,
U.S. Coast Guard.**

CGCMS 24011
Docket No. 980.

U.S. Coast Guard Court of
Military Review.

Nov. 19, 1991.

Trial Counsel: LT D.A. Hoffman, USCGR.

Defense Counsel: CAPT G.J.D. Dean, USMC.

Appellate Defense Counsel: LCDR G Arthur Robbins, USCG.

Appellate Government Counsel: LT Garland M. Walker, USCGR.

Before Panel Two BAUM, GRACE and BASTEK, Appellate Military Judges.

BAUM, Chief Judge:

This case was submitted initially on its merits without specific assignment of error. Subsequently, the following issue was specified for briefing by the Court:

Was failure of the law specialist to respond to the defense assertions of 10 April 1991 error which materially prejudiced a substantial right? See *U.S. v. Craig*, 28 M.J. 321, 324 (C.M.A.1989). If so, what remedy is required, if any?

Court order dated 12 August 1991.

The following assignment was submitted in response to the specified issue:

FAILURE OF THE LAW SPECIALIST TO RESPOND TO THE DEFENSE ASSERTIONS OF 10 APRIL 1991 WAS ERROR WHICH MATERIALLY PREJUDICED A SUBSTANTIAL RIGHT OF APPELLANT AND REQUIRES DISAPPROVAL OF THE SENTENCE.

I

BACKGROUND

Appellant, at a special court-martial trial by judge alone, pled guilty to various offenses under the Uniform Code of Military

Justice (UCMJ)[1] in accordance with a pretrial agreement. That agreement authorized the Convening Authority to approve the sentence as adjudged; however, any confinement in excess of 70 days was to be suspended for a period of 6 months from the date of trial and "any forfeitures or fine in excess of ⅔ pay per month for a period of two months" was also to be suspended for a like period.

The judge sentenced appellant to a bad conduct discharge, confinement for four months, reduction to pay grade E-1, forfeiture of $400.00 per month for four months and a fine of $500.00. The Convening Authority, on advice of his Staff Judge Advocate,[2] approved the sentence, but suspended confinement in excess of 70 days and forfeiture in excess of $252.00 per month for two months. The fine of $500.00 was not reduced or suspended in any part. Subsequent to the Convening Authority's action, the Trial Defense Counsel submitted a letter to the Convening Authority, which counsel termed a "Response to the Law Specialist Recommendation and Request for Clemency". In addition to requesting clemency, counsel stated in the letter that legal error was being raised in accordance with R.C.M. 1105 and R.C.M. 1106. After receiving that letter, the Convening Authority rescinded his earlier action and issued a new one with the following statement:

> Due to a misunderstanding in communications regarding defense counsel's request for an extension of time in which to submit matters for my consideration, I have decided to rescind my earlier action of 6 April 1991. In reaching my decision concerning the appropriate action to take

in this case, I have considered defense counsel's letter of 10 April 1991.

Action of the Convening Authority dated 16 May 1991.

In that action, without further written advice from the Staff Judge Advocate appearing in the record, the Convening Authority approved and suspended the sentence as before.

## II

## STAFF JUDGE ADVOCATE RESPONSIBILITY WHEN LEGAL ERRORS ARE ASSERTED

█ *U.S. v. Craig, supra,* presented facts similar in some respects to those before this Court. In *Craig,* the defense counsel submitted a clemency request to the Convening Authority which also included an assertion of legal error. As here, no response to the asserted legal error was provided by the Staff Judge Advocate. In that case, the defense submission was not noted in the Convening Authority's action as having been considered. The U.S. Court of Military Appeals, unable to determine from the record whether the Convening Authority saw or considered the clemency material before final action, remanded the record for a new action. In so doing, the Court disposed of the issue concerning failure by the Staff Judge Advocate to address legal error in the clemency submission by ruling that the defense counsel's characterization of his assertion as legal error was misplaced. In dismissing this assignment because legal error, in fact, had not been raised by the defense, the Court repeated the rule laid out earlier in *U.S. v. Hill,* 27 M.J. 293 (C.M.A.1988): "Although a staff judge advocate is not required to 'examine'

---

1. Pursuant to his pleas, appellant was found guilty of one specification of failure to go to his appointed place of duty in violation of Article 86, UCMJ, 10 U.S.C. § 886; two specifications of failure to obey a lawful order in violation of Article 92, UCMJ, 10 U.S.C. § 892; four specifications of wrongful use of marijuana, two specifications of wrongful distribution of marijuana and one specification of wrongful use of cocaine all in violation of Article 112a, UCMJ, 10 U.S.C. § 912a.

2. Appellate Defense Counsel has raised a question whether the qualifications of the law specialist signing the Staff Judge Advocate review met the terms of Rule for Court–Martial (R.C.M.) 1106 and Article 60(d), UCMJ, 10 U.S.C. § 860(d). This issue has been previously addressed but counsel has again asked this Court to reexamine its holding in *U.S. v. Payne,* 22 M.J. 592 (C.G.C.M.R.1986). We have looked once more at the issue counsel has raised and reaffirm the views expressed in *U.S. v. Payne, supra.*

a record for legal error [pursuant to R.C.M. 1106(d)(4) ], he must nonetheless respond to a post-trial assertion of legal error made by an accused or his counsel. *Id* [*U.S. v. Hill, supra,*] at 296, *See* Art. 60(c)(2)." *U.S. v. Craig, supra,* at 324.

Here, the Defense Counsel's submission to the Convening Authority contains three allegations of legal error in addition to the request for clemency. One contention is that legal error occurred when the military judge sentenced appellant to a fine. Notwithstanding the question of the fine's legality, defense counsel asserts, as another assigned legal error, that the Staff Judge Advocate's recommendation to execute the fine in its entirety was unlawful because it would increase the sentence beyond the contemplation of the parties in contravention of the pretrial agreement. Finally, as a third assignment of legal error, defense counsel contends that the Staff Judge Advocate erroneously implied in his recommendation to the Convening Authority that the Convening Authority was obligated to approve the confinement, the fine and the forfeiture. Counsel says that, "[i]nsofar as the recommendations suggest such an obligation, the recommendations are *legal error*." [Emphasis appears in the original.] Response to Law Specialist Recommendation and Request for Clemency dated 10 April 1991 at page 2. As distinguished from the facts in *U.S. v. Craig, supra,* these contentions are clearly assertions of legal error and, thus, pursuant to *U.S. v. Hill, supra,* and *U.S. v. Craig, supra,* should have been addressed by the Staff Judge Advocate before the Convening Authority took his second action on the record.

The Government, in response, says that a straightforward reading of Defense Counsel's letter suggests that it is a rebuttal to the Staff Judge Advocate's R.C.M. 1106 recommendation under R.C.M. 1106(f)(4) and that no "surrebuttal" by the law specialist is required. No citation of authority is provided for this statement that a "surrebuttal" from the law specialist is not required. While, as a general proposition staff judge advocates may not be required

to respond to every submission by defense counsel, any contention that a response need not be made to defense assertions of legal error flies in the face of express provisions of R.C.M. 1105 and 1106 and the clear ruling in *U.S. v. Hill, supra.* The Staff Judge Advocate was obligated under R.C.M. 1106 to respond to defense assertions of legal error whether they were submitted before or after the Staff Judge Advocate's initial recommendation to the Convening Authority. That response by the Staff Judge Advocate could have been simply a statement of agreement or disagreement with the matters raised, without analysis or rationale, as provided for in R.C.M. 1106(d)(4), or it could have been more detailed, as deemed appropriate by the Staff Judge Advocate. In any event, guidance in some form or another should have been provided by the Staff Judge Advocate before the Convening Authority acted.

Government Counsel says that the necessary guidance to the Convening Authority was provided because "the cumulative effect of the defense post-trial submission and the law specialist's R.C.M. 1106 recommendation fully complies with the goal of R.C.M. 1105 and R.C.M. 1106." Appellate Government Brief at 2. Citing the Drafter's Analysis, R.C.M. 1105 and R.C.M. 1106, Manual for Courts–Martial 1984 and S.Rep. No. 53 98th Cong., 1st Sess. 20 (1983), U.S. Code Cong. & Admin.News 1983, p. 2177, Government Counsel goes on to say that these provisions of the Rules for Courts–Martial are designed to make the Convening Authority aware of alleged legal issues rather than to force him to resolve those issues, and that such resolutions can be left legitimately by the Convening Authority to appellate courts. From that viewpoint, Government Counsel contends that the objective of Rules for Courts–Martial 1105 and 1106 was met by simply notifying the Convening Authority of the opposing positions of the defense's response and the Staff Judge Advocate's recommendation regarding the appropriateness of a fine in this case, which, in the words of the Government, the Staff Judge Advocate had the foresight to identify as a

legal issue before any submission by defense counsel under Rules for Courts–Martial 1105 and 1106.

Unfortunately, as we have noted, the Convening Authority was not notified of the opposing positions on each of the three legal issues raised. The only one directly addressed by the Staff Judge Advocate in his recommendation was the legality of the fine. Left hanging were the other two issues: (1) whether the Staff Judge Advocate's recommendation that the Convening Authority execute the fine in its entirety contravened the understanding of the accused, who, Defense Counsel asserts, was not expressly questioned on this matter and (2) whether the Staff Judge Advocate erroneously implied in his recommendation that the Convening Authority was obligated to approve the confinement, the fine, and the forfeiture.

Moreover, once such issues are raised by a defense counsel, the convening authority is forced to resolve them one way or another by taking his required action on the record. Whether the convening authority expressly deals with the issues in his action or remains silent concerning them, the action he takes on the sentence constitutes a resolution of the matter. Rather than leaving determination exclusively to higher authority as the Government argues, *U.S. v. Hill, supra*, points out that it is desirable for the convening authority to correct legal errors rather than await such action at a later time on appellate review. *Id.* at 295. Accordingly, as *U.S. v. Hill, supra*, tells us, the convening authority must be provided, at a minimum, the Staff Judge Advocate's response required by R.C.M. 1106(d)(4) to aid in his decision. Here, despite the Government's argument to the contrary, the Staff Judge Advocate's recommendation to the Convening Authority, before legal errors were advanced, simply did not provide the necessary guidance to the Convening Authority. We deem the Staff Judge Advocate's failure in this regard to be an error which materially prejudiced a substantial right.

## III
## CORRECTIVE ACTION

■ *U.S. v. Hill, supra*, outlines two distinct appellate actions available when the Staff Judge Advocate fails to comply with R.C.M. 1106(d)(4): return of the record for a new convening authority action or affirmation of the findings and sentence by the Court if the alleged legal errors are determined to lack merit and would not have resulted in either a favorable comment by the staff judge advocate or any corrective action by the convening authority. *U.S. v. Hill, supra*, also points to another step: corrective action at this level which places the accused in the position he would have occupied if error had not occurred. *U.S. v. Hill*, 27 M.J. at 296; *U.S. v. Sales*, 22 M.J. 305 (C.M.A.1986). This course also comports with R.C.M. 1106(d)(6), which directs that error in a staff judge advocate recommendation not otherwise waived shall be corrected by appellate authorities without returning the case for further action by a convening authority. In the interest of judicial economy, we will take this step. Moreover, we believe there is strong need now for appropriate action to accompany our words.

This Court has previously addressed the subject of the need for staff judge advocates to adhere to requirements of R.C.M. 1106. *U.S. v. Lugo*, 32 M.J. 719, 721 (C.G.C.M.R.1991) (Bridgman, J. concurring). In *Lugo*, Judge Bridgman explained that the Military Justice Act of 1983, while reducing the burden of initial review and action on courts-martial by, among other things, simplifying the staff judge advocate's review, had not lessened the need for accuracy in that document. Judge Bridgman went on to say:

Indeed, since the convening authority may rely on the Staff Judge Advocate's recommendation to provide concise information on the findings and sentence, and need not review the record of trial before taking his action on the sentence, it is imperative that the recommendation be accurate and contain all the material specified in R.C.M. 1106(d)(3), lest appellate courts feel a compelling urge to

again add gloss to those simple requirements.

*U.S. v. Lugo, supra* at page 722.

To that exhortation, we must now add the unconditional requirement that the staff judge advocate comply with R.C.M. 1106(d)(4). We have noted definite shortcomings recently in post-trial review and action at the convening authority level. See *U.S. v. Norris,* 33 M.J. 635 (C.G.C.M.R.1991), *U.S. v. Manweller,* (C.G.C.M.R. 1 August 1991) (unpublished opinion), and *U.S. v. Lugo, supra,* to name just a few recent cases. Other records presently on the Court's docket have assignments of error alleging similar discrepancies. The time has come for staff judge advocates to take a round turn with respect to their post-trial duties and ensure that they have met their obligations in all respects before the records are forwarded for review by this Court. In this regard, we note that the record of trial in this case had to be returned by the Commandant before referral to this Court in order to correct discrepancies which included failure to include the Staff Judge Advocate's recommendation in the record.

The only action, in our view, that will appropriately correct the error we discern is to set aside the affected portions of the sentence: the confinement, the fine and the forfeitures. That is the action we will take. In so doing, another error assigned by appellant, that the fine is inappropriate punishment, is mooted.

In light of the foregoing, the findings of guilty, the bad conduct discharge and the reduction in rate to E–1, as approved below, are all affirmed. The confinement, the fine and the forfeitures are set aside. All rights, privileges and property of which the accused has been deprived by virtue of the portion of the sentence that has been set aside will be restored.

Judge BASTEK concurs.

GRACE, Judge (Concurring in part, dissenting in part.)

I concur with my brother judges, that in accordance with R.C.M. 1106(d)(4), the Staff Judge Advocate (SJA) should have responded to the Defense Counsel's assertions of legal error. However, I must disagree with the corrective action that has been taken in this case.

As Chief Judge Baum points out, this court has seen a certain laxity on the part of SJA's in complying with the UCMJ provisions concerning the review required of them by R.C.M. 1106. However, I would send the record back for a new convening authority's action based on the SJA's response to the Defense Counsel's allegations of legal error. To set aside the confinement, the fine and the forfeitures in this case may provide a windfall to the appellant. The appellant pled guilty to, and was convicted of, multiple offenses involving both use and distribution of drugs. The Convening Authority should be given the opportunity to act properly on the record based on adequate advice from his SJA. That action may be approval and execution of the same sentence as before or it may be disapproval of any fine, confinement, or forfeitures. Despite a compelling argument for judicial economy, I think this decision should be reserved to the Convening Authority.

I am hopeful that this action by the majority has the effect intended; that is getting the attention of Staff Judge Advocates that they must meet the simple requirements of R.C.M. 1106. They must prepare an accurate review and address legal errors raised by the defense in post-trial submissions.