UNITED STATES, Appellee,

v.

Augustus B. CRAIG, Jr., Staff Sergeant,
U.S. Army, Appellant.

No. 60,751.

CM 8701591.

U.S. Court of Military Appeals.

July 20, 1989.

For Appellant: *Captain Timothy P. Riley* (argued); *Lieutenant Colonel Russell S. Estey* and *Major Marion E. Winter* (on brief); *Colonel John T. Edwards.*

For Appellee: *Major Gary L. Hausken* (argued); *Colonel Norman G. Cooper* and *Lieutenant Colonel Gary F. Roberson* (on brief); *Captain Martin D. Carpenter* and *Captain Donald W. Hitzeman.*

*Opinion of the Court*

SULLIVAN, Judge:

On July 15, 1987, appellant was tried by general court-martial composed of officer and enlisted members at Fuerth, Federal Republic of Germany. Pursuant to his pleas, he was found guilty of two specifications of opening and stealing mail, in violation of Article 134, Uniform Code of Military Justice, 10 USC § 934. He was sentenced to a bad-conduct discharge, confinement for 2 years, and forfeiture of $300.00 pay per month for 1 year. In accordance with a pretrial agreement, the convening authority approved only so much of the sentence as adjudged a bad-conduct discharge, confinement for 18 months, forfeiture of $250.00 pay per month for 1 year, and reduction to the lowest enlisted grade. The Court of Military Review, in an unpublished memorandum opinion dated May 31,

1988, affirmed the findings but noted that no reduction had been originally adjudged at this court-martial and that there was an administrative error as to forfeitures. Accordingly, the court below affirmed only so much of the sentence as included a bad-conduct discharge, confinement for 18 months, and forfeiture of $250.00 pay per month for 12 months.

■ This Court granted review of the following issues:

## I

WHETHER APPELLANT WAS MATERIALLY PREJUDICED BY THE FAILURE OF THE STAFF JUDGE ADVOCATE TO COMMENT ON LEGAL ERROR ASSERTED IN POST–TRIAL MATTERS OR TO INCLUDE IN HIS POST–TRIAL RECOMMENDATION TO THE CONVENING AUTHORITY WHETHER ANY CORRECTIVE ACTION ON THE SENTENCE SHOULD BE TAKEN.

## II

WHETHER APPELLANT WAS PREJUDICED BY THE FAILURE OF THE CONVENING AUTHORITY TO CONSIDER EXTENSIVE CLEMENCY MATTERS SUBMITTED WHERE THE RECORD FAILS TO AFFIRMATIVELY DEMONSTRATE THE POST–TRIAL MATTERS WERE BROUGHT TO THE ATTENTION OF THE CONVENING AUTHORITY BY THE STAFF JUDGE ADVOCATE OR THAT THE CONVENING AUTHORITY OTHERWISE CONSIDERED THESE MATTERS.

We hold that this record of trial and its allied papers do not show the convening authority considered the clemency matters properly submitted by appellant, so a new convening-authority action is required. *See* Art. 60(c)(2), UCMJ, 10 USC § 860(c)(2) [1]; RCM 1107(b)(3)(A)(iii), Manual for Courts–Martial, United States, 1984.

The facts giving rise to the charged offenses are not disputed. Appellant was the supervisor of the unit mailroom. Three packages, containing a total of twelve new VHS movie videotapes, worth $299.40, were mistakenly sent through appellant's mailroom to a former company commander. Appellant took the tapes. Appellant also opened another misdirected package and took its contents.

At trial, appellant pleaded guilty to these offenses. During sentencing, he presented numerous examples of his excellent military record as well as the testimony of three soldiers who recommended his retention in the service. However, despite this testimony and evidence, appellant was sentenced, *inter alia*, to a bad-conduct discharge.

Attached to the record of trial presented to this Court were additional clemency matters prepared on appellant's behalf. These clemency matters are included in the allied papers in the sequence listed below.

1. Article 60(c)(2) (effective March 12, 1987) states:

(2) Action on the sentence of a court-martial shall be taken by the convening authority or by another person authorized to act under this section. *Subject to regulations of the Secretary concerned, such action may be taken only after consideration of any matters submitted by the accused under subsection (b)* or after the time for submitting such matters expires, whichever is earlier. The convening authority or other person taking such action, in his sole discretion, may approve, disapprove, commute, or suspend the sentence in whole or in part.

(Emphasis added.) Subsection (b)(1) states:

(b)(1) *The accused may submit to the convening authority matters for consideration by the convening authority with respect to the findings and the sentence.* Except in a summary court-martial case, such a submission shall be made within 10 days after the accused has been given an authenticated record of trial and, if applicable, the recommendation of the staff judge advocate or legal officer under subsection (d). In a summary court-martial case, such a submission shall be made within seven days after the sentence is announced.

(Emphasis added.)

First, there was a letter signed by Sergeant Gregory C. Underwood which requested clemency for appellant. The date-of-receipt stamp on this letter reflects a date of "22 JUL 1987" and bears the term "CHIEF OF STAFF." A second date stamp bears the date "23 JUL 1987" and the initials "SJA" are handwritten and initialed inside the boundaries of the stamp mark with what appears to be "SFC W."

The second submission is a Petition for Clemency prepared by appellant's civilian defense counsel, R. Waco Carter. It bears a receipt stamp reflecting a date of "14 AUG 1987" and contains handwritten notations which appear to be "1st AD SJK" [sic] and is initialed "JLK." Appellant's own request for clemency, which is dated on the letterhead as "16 July 1987" and bears no date-of-receipt stamp, follows Mr. Carter's petition. According to paragraph 3(h) of Mr. Carter's petition, appellant's personal request for clemency was attached thereto. Another document in the record follows appellant's personal request for clemency. According to paragraph 3(j) of Mr. Carter's petition, it also was submitted as an attachment thereto. This document is a "Petition Requesting Clemency for Augustus B. Craig, Jr." It is signed by 34 members of the 1st Battalion, 54th Infantry, whose ranks range from Private (E–2) to Sergeant Major (E–9).

The third submission is a "Statement on Behalf of SSG Augustus B. Craig, Jr." prepared by appellant's civilian defense counsel, Mr. Carter. It bears a date-of-receipt stamp of "AUG 19 1987" with the handwritten notations "1st AD SJA" inside the boundaries of the stamp, initialed "JLK."

The fourth submission is a "Statement of Support for Administrative Discharge," signed by 31 soldiers ranging in rank from Sergeant (E–5) to Captain (O–3). This document includes the signatures of seven officers. It bears a date stamp of "AUG 19 1987," with the "19" being handwritten inside the date stamp on page 2 of this document. It also bears the handwritten notation "1st AD SJA" and the initials "JLK" inside the boundaries of the stamp.

The fifth and final clemency matter submitted for consideration also referred to in paragraph 3(f) of Mr. Carter's petition, is a document submitted at trial as defense exhibit E, labeled simply "Statement." It is signed by 85 members of appellant's unit, 1st Battalion, 54th Infantry, ranging in rank from Private E–1 to Captain (O–3). Although it bears no date stamp, as a court exhibit, it was part of the record prior to the staff judge advocate's recommendation or the convening authority's action. It was not reproduced as a separate document for inclusion with the clemency matters noted above.

In Mr. Carter's petition, defense counsel made an assertion that the members had exercised "faulty reasoning and the clear disregard for the extenuating and mitigating evidence in this case." On appeal before this Court, appellant avers that this is an assertion "of legal error."

The Post–Trial Recommendation of the Staff Judge Advocate contains this section:

6. POST–TRIAL MATTERS SUBMITTED BY THE ACCUSED:
Post-trial matters submitted by the accused or defense counsel prior to your action, if any, are attached hereto as TAB A for your consideration pursuant to R.C.M. 1107(b)(3)(A)(iii).

No "TAB A" is found attached to this recommendation, and none of the submissions described above are marked, singularly or collectively, as "TAB A."

Finally, we note that on August 19, 1987, the staff judge advocate prepared his post-trial recommendation for the convening authority in which he recommended reduction of the adjudged sentence in accordance with the pretrial agreement. On August 21, 1987, defense counsel was served with this document in compliance with *United States v. Goode*, 1 MJ 3 (CMA 1975). This document bears a return receipt date of "AUG 25 1987," with the handwritten notation "1st AD SJA" and initials "JLK"

marked within the boundaries of the stamp. It also states that "[t]he Petition for Clemency has been previously submitted." Finally, on August 26, 1987, the convening authority took his action.

## I

### A

■ This Court is first asked whether appellant was prejudiced by the staff judge advocate's failure to address a post-trial assertion of legal error by the defense. We also are asked whether his failure to include a recommendation to take corrective action on the sentence in response to this legal error was prejudicial error. In light of applicable Manual provisions, we resolve both of these questions in favor of the Government. *See generally* Art. 60(d).[2]

■ Pursuant to RCM 1106(d)(4), a "staff judge advocate...is not required to examine the record for legal errors." In *United States v. Hill*, 27 MJ 293 (CMA 1988), we explained this rule in the context of other Manual provisions. Although a staff judge advocate is not required to "examine" a record for legal error, he must nonetheless respond to a post-trial assertion of legal error made by an accused or his counsel. *Id.* at 296. *See* Art. 60(c)(2).

In examining trial defense counsel's post-trial response, we conclude that appellant's subsequent characterization of it as an assertion of legal error is sorely misplaced. The particular language used by counsel reads:

> With all due respect, such faulty reasoning and the clear disregard for the extenuating and mitigating evidence in this

case will cause a grave injustice if not remedied by the Convening Authority. Such a claim indeed challenges the exercise of sentencing discretion by the members, but it embraces no claim of legal defect in their decision. *Cf.* Mil. R. Evid. 106, Manual, *supra; United States v. Salgado–Agosto*, 20 MJ 238 (CMA 1985); *United States v. Morgan*, 15 MJ 128 (CMA 1983). After all, the members, in exercising their discretion, simply were not bound to adjudge a lesser sentence on the basis of evidence presented in extenuation and mitigation. RCM 1002, 1005(e)(3) and (4). Accordingly, the staff judge advocate did not fail to respond to a legal error asserted by appellant.

### B

Appellant's second contention is that the staff judge advocate failed to make a recommendation of corrective action on sentence, as required under RCM 1106(d)(4). Since we find no legal error was asserted by appellant or his counsel in their post-trial submissions, no recommendation as to an appropriate corrective sentence was required. *Cf.* RCM 1106(d)(3)(E) and (d)(5).

## II

The second granted issue, however, cannot be so easily resolved. We have before us the absence of a "TAB A" notation but the presence of timely submitted clemency materials in the allied papers. Viewed in the context of the staff judge advocate's recommendation, a strong suggestion lies that these materials were not considered by the convening authority. *See United States v. Hallums*, 26 MJ 838, 841 (ACMR

---

**2.** Article 60(d) states:

(d) Before acting under this section on any general court-martial case or any special court-martial case that includes a bad-conduct discharge, the convening authority or other person taking action under this section shall obtain and consider the written recommendation of his staff judge advocate or legal officer. The convening authority or other person taking action under this section shall refer the record of trial to his staff judge advocate or legal officer, and the staff judge advocate or

legal officer shall use such record in the preparation of his recommendation. *The recommendation of the staff judge advocate or legal officer shall include such matters as the President may prescribe by regulation* and shall be served on the accused, who may submit any matter in response under subsection (b). Failure to object in the response to the recommendation or to any matter attached to the recommendation waives the right to object thereto.

(Emphasis added.)

1988). Moreover, his approval action does not state whether he considered the clemency matters submitted by appellant or his defense counsel.

■ Under Article 60(c)(2) and as more particularly provided in RCM 1107(b)(3)(A)(iii), the convening authority was required to consider:

> Any matters submitted by the accused under R.C.M. 1105 or, if applicable, R.C.M. 1106(f).

A review of the submitted clemency materials clearly establishes that these documents were proper and substantial matters for consideration under RCM 1105(b)(4). Speculation concerning the consideration of such matters simply cannot be tolerated in this important area of command prerogative. *United States v. Siders,* 15 MJ 272, 273 (CMA 1983). Accordingly, as the Court of Military Review stated in *United States v. Hallums, supra* at 841:

> We announce that this court will not "guess" as to whether clemency matters prepared by the defense counsel were attached to the recommendation or otherwise considered by the convening authority.

Our approval of *Hallums* extends as well to the remedy ordered by the Court of Military Review in that case. It is consistent with this Court's opinion in *United States v. Hill,* 27 MJ at 296, where we stated:

> Since it is very difficult to determine how a convening authority would have exercised his broad discretion if the staff judge advocate had complied with RCM 1106, a remand will usually be in order.

Here, we similarly do not know whether the convening authority ever saw the proffered clemency materials or whether he considered such materials prior to his final action. A remand in this situation is also appropriate.

The decision of the United States Army Court of Military Review as to sentence and the Action of the Convening Authority are set aside. The record of trial is returned to the Judge Advocate General of the Army for resubmission to the appropriate convening authority for a new action after consideration of the clemency matters previously submitted by the accused and his counsel. Thereafter, the record will be returned to the Court of Military Review for review of the sentence and then will be forwarded to this Court.

Chief Judge EVERETT and Judge COX concur.