UNITED STATES

v.

**Airman First Class James L. BLANCH, FR 328–72–3550, United States Air Force.**

**ACM 27836.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 23 May 1989.

Decided 11 Oct. 1989.

Appellate Counsel for the Appellant: Colonel Richard F. O'Hair and Major Ronald G. Morgan.

Appellate Counsel for the United States: Colonel Joe R. Lamport, Major Terry M. Petrie and Captain Morris D. Davis.

Before BLOMMERS, KASTL and MURDOCK, Appellate Military Judges.

## DECISION

KASTL, Senior Judge:

This case involves application of the recent Court of Military Appeals decision in *United States v. Craig*, 28 M.J. 321 (C.M.A.1989). *Craig* requires that the record of trial and allied papers demonstrate that the convening authority considered the appellant's post-trial clemency matters. *See* R.C.M. 1107(b)(3)(A)(iii).

At a bench trial, the appellant was tried and found guilty of 17 check offenses and wrongful use of cocaine, violations of Articles 134 and 112a, UCMJ, 10 U.S.C. §§ 934, 912a. His sentence is a bad conduct discharge, 18 months confinement, total forfeitures, and reduction to airman basic.

The allied papers in this case indicate that the Staff Judge Advocate's post-trial recommendation, dated 14 June 1989, was served on the appellant on that same day and on the defense counsel on 23 June. On 30 June, defense counsel submitted a statement pursuant to R.C.M. 1105 and 1106; he alleged no legal errors at trial but requested the convening authority to consider any clemency materials submitted by the appellant.

Subsequently, the appellant submitted eight letters requesting clemency or attesting to his performance in confinement, to include comments that he was making concerted efforts to repay his creditors as to the check offenses.

In regard to these submissions by the appellant, the Staff Judge Advocate's post-trial recommendation, dated 14 June, notes that the appellant "has submitted matters for your consideration and they are being provided to you with this review." Notwithstanding this statement, there is no indication in the record or allied papers as to which, if any, of the appellant's submissions were actually presented to the convening authority. Some of those submissions are dated June 21, 22, and 28; others are undated. The convening authority acted on 13 July 1989.

*Craig* noted that "[s]peculation concerning the consideration of such matters simply cannot be tolerated in this important area of command prerogative." The Court also noted that it would not "guess" as to whether clemency matters prepared by the defense were considered by the convening authority. *United States v. Craig*, 28 M.J. at 325. In *Craig* the record of trial was returned to The Judge Advocate General of the Army for resubmission to the appropriate convening authority for a new action after consideration of the clemency matters previously submitted.

In light of the recent *Craig* decision, we specified the matter to appellate counsel. *See also United States v. Youngren*, 28 M.J. 255 (C.M.A.1989) (summary disposition).

Appellate Government counsel has now submitted an affidavit from the general court-martial convening authority for appellant's case, which states:

> Prior to taking the "Action of the Convening Authority," I did consider all clemency matters submitted by A1C Blanch and after reviewing those matters, I determined the adjudged sentence was appropriate.

We are satisfied that the Government's response in the present case meets the requirements of *Craig* and *Youngren*. As we read *Craig*, resubmission to the appropriate convening authority for a new action may not always be required; the United States is entitled to enhance the "paper trail" and show that the information in question was indeed transmitted to and considered by the convening authority. *See United States v. Youngren*, 28 M.J. at 256. It follows that we believe the action taken in this case squares with the requirements of *Craig*.

To foreclose any *Craig* problem in the future, it would be helpful if all replies and Addenda were dated. Furthermore, whether or not the defense submits materials, it would also be useful for the Staff Judge Advocate to "close out" his or her recommendation with a brief comment to that effect.

The findings of guilty and the sentence are correct in law and fact and, upon the basis of the entire record, are affirmed. *See United States v. Suzuki*, 14 M.J. 491 (C.M.A.1983); R.C.M. 305(h)(2)(C); 305(f); 305(i)(3)(A).

Senior Judge BLOMMERS and Judge MURDOCK concur.