PEARSON, Senior Judge:
This is yet another case where the government quickly garners the conviction but shoots itself in the foot during the post-trial review. To remedy prejudicial posttrial errors, we set aside appellant’s bad-conduct discharge.
*828 FACTS
In a bench trial at Langley Air Force Base, Virginia, appellant pled guilty to smoking marijuana numerous times and purchasing some marijuana for one of his smoking associates. The military judge sentenced him to a bad-conduct discharge, 4 months confinement, and reduction to E-1.
Appellant had a pretrial agreement which limited any confinement to 90 days. In his post-trial clemency submission, appellant asked for release from confinement by Christmas and disapproval of the bad-conduct discharge to avoid hampering his future. To comply with the pretrial agreement and grant a little clemency, the convening authority cut appellant’s confinement to 86 days, but approved the discharge and reduction.
In an initial brief to us, appellant contended the record did not show the convening authority considered his post-trial clemency submission before taking action on his sentence, a nondelegable statutory duty. See Article 60(c)(2), UCMJ, 10 U.S.C. § 860(c)(2); United States v. Craig, 28 M.J. 321 (C.M.A. 1989). In this regard, appellant complained the staff judge advocate (SJA) did not prepare an addendum or other forwarding document listing the clemency matters as attachments, a fool-proof method we established over 5 years ago to fix this problem. See United States v. Foy, 30 M.J. 664 (A.F.C.M.R.1990) (en banc).
In reply, appellate government counsel submitted, by motion, a post-trial memorandum from the SJA to show the convening authority received and reviewed the clemency submission before taking action. See United States v. Godreau, 31 M.J. 809, 812 (A.F.C.M.R.1990) (en banc) (supplementing the record on appeal), pet. denied, 33 M.J. 178 (C.M.A.1991). The SJA’s memorandum to the convening authority, dated December 9, 1994, summarized portions of appellant’s clemency matters and listed all of them as attachments. In paragraph 5, the SJA offered the following advice regarding the bad-conduct discharge (BCD), “A BCD will deprive [appellant] of some veteran’s benefits, but the disruption to his everyday life will be minimal.” The SJA did not serve this document on appellant for comment, and it was not included in the record of trial although mirroring an addendum in form and content.
Appellant, by motion, followed with two more post-trial documents. In the first document, a handwritten note to the “JA,” dated December 13, 1994, the convening authority asked three questions: (1) “If I set aside the BCD can his squadron commander impose an OTHC [other than honorable conditions discharge]?;” (2) “If yes what’s the difference;” and (3) “VA benefits? Yes or no.”
In the second document, another memorandum to the convening authority, the SJA answered the questions raised in the handwritten note. The SJA advised that the squadron commander could initiate an administrative discharge and recommend an under other than honorable conditions discharge. However, the SJA noted that procedure would require an administrative board hearing unless appellant waived it, and the SJA opined, “I doubt he would.” The SJA also summarized the effects of a BCD on veteran’s benefits, concluding “most benefits will be denied him____” Finally, the SJA added, “The military judge who adjudged the sentence is the senior military judge in our circuit, one of the most experienced trial judges in the USAF, and considered most of the clemency matters now before you.” The SJA did not serve this document on appellant for comment.
With the three extra documents in hand, appellant filed a supplemental brief arguing the post-trial process was flawed because the SJA’s memoranda contained new matter which was not served on him for comment as required by Rule for Courts-Marital 1106(f)(7). Recognizing the merit of appellant’s issue, appellate government counsel concedes error in the post-trial review process and urges us to return the record for a new review and action. We accept the concession but grant a greater remedy.
DISCUSSION
As we recently discussed in United States v. Thompson, 43 M.J. 703, 706 (A.F.Ct.Crim.App.1995), the SJA must serve defense counsel with any document which supplements the post-trial recommendation if *829 it contains new matter. “New matter” includes facts and information from outside the record of trial. United States v. Komorous, 33 M.J. 907, 910 (A.F.C.M.R.1991).
Here, the SJA recommended against any sentence reduction not required by the pretrial agreement. He injected new matter into the process when, as a basis for denying clemency, he forwarded written memoranda commenting on the military judge’s qualifications and experience, opining appellant would not waive an administrative discharge board, and minimizing the long-term effects of a BCD. Consequently, the SJA erred by not serving his two memoranda on appellant for comment.
The big question for us, though, is the remedy. While we normally return cases with post-trial processing flaws to the convening authority for correction, we have the authority to fix the problem ourselves in suitable cases. Thompson, 43 M.J. at 707, and cases cited therein. This is such a case.
First, as in Thompson, we are convinced the convening authority performed his statutory duty to consider appellant’s clemency submissions before taking action in the case. The convening authority’s grant of Christmas jail release alone would seem to show that.
Second, we are not sure a new post-trial review and action will make appellant whole. This convening authority was at least open to granting clemency on the punitive discharge in a drug case — not an everyday occurrence in our experience. Is the same convening authority in charge today? Will he be there when our opinion finally issues? We can’t be sure. Would he have granted further clemency with fair comment from appellant? We don’t know. We know many marijuana use offenses are resolved through nonjudicial punishment instead of court-martial; thus, clemency on the discharge was not entirely a pipe dream. See Article 15, UCMJ, 10 U.S.C. § 815. While we do not intend to confer any right on an appellant to have the convening authority of his choice on a remand, we recognize the SJA may well have prejudiced this appellant’s “best hope for sentence relief’ from his BCD. See United States v. Bono, 26 M.J. 240, 243 n. 3 (C.M.A. 1988).
Third, as we discussed in Thompson, post-trial processing errors in records of trial make up the bulk of our appellate litigation— that trend has not changed. When we fashion an appellate remedy, we should take actions which promote care and attention to the process.
CONCLUSION
The findings of guüty are correct in law and fact. Reassessing the sentence in light of the post-trial processing errors, we disapprove the bad-conduct discharge and approve only the 86 days confinement and reduction to E-l. The findings and sentence, as reassessed, are
AFFIRMED.
Senior Judge SCHREIER and Judge MORGAN concur.