UNITED STATES

v.

**Staff Sergeant Kevin L. GONYEA, FR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, United States Air Force.**

**ACM S29163.**

U.S. Air Force Court of Criminal Appeals.

Sentence Adjudged 30 Nov. 1995.

Decided 23 Oct. 1996.

Appellate Counsel for Appellant: Colonel Jay L. Cohen and Major Kevin P. Koehler.

Appellate Counsel for the United States: Colonel Jeffery T. Infelise, Lieutenant Colonel Michael J. Breslin, and Captain R. Scott Howard.

Before HEIMBURG, GAMBOA, and SENANDER, Appellate Military Judges.

OPINION OF THE COURT

HEIMBURG, Senior Judge:

The appellant pled guilty pursuant to a pretrial plea agreement to one specification of use of marijuana. Article 112a, UCMJ, 10 U.S.C. § 912a (1994). A military judge, sitting as a special court-martial, sentenced him to a bad-conduct discharge, confinement for 30 days, and reduction to airman basic (E-1), which sentence the convening authority approved as adjudged. The appellant asserts two post-trial processing errors require this Court to return his case to the convening authority. We find error but no prejudice, and affirm.

The appellant's first allegation of error is that the record of trial is not complete because, contrary to R.C.M. 1103(c)(1), it does not contain his post-trial clemency letter to the convening authority. *See* R.C.M. 1105(b); 1107(b)(3)(A). The addendum to the staff judge advocate's recommendation (SJAR) refers to this letter, describes its contents, and lists it as an attachment. Through an apparent administrative mistake, it was not attached when the record of trial reached the Court. The government has, by motion, provided the appellant's letter, show-

ing the initials of the convening authority, for inclusion in the record. We are satisfied that the convening authority saw the appellant's letter and that the record is now complete. *See United States v. Youngren,* 28 M.J. 255 (C.M.A.1989); *United States v. Blanch,* 29 M.J. 672 (A.F.C.M.R.1989).

■ In his second allegation, the appellant asserts the staff judge advocate introduced "new matter" in his addendum to the SJAR which he did not serve on the defense, contrary to R.C.M. 1106(f)(7). The appellant's letter described his alcoholism and the treatment he has received and still needs. In light of the loss of veterans' benefits which would likely flow from the bad-conduct discharge, the appellant asked the convening authority to substitute an administrative discharge under other than honorable conditions for the bad-conduct discharge.

In response, the staff judge advocate did not point out that the appellant asked the military judge to give him a bad-conduct discharge in lieu of confinement. Neither did the staff judge advocate mention that the appellant told the military judge, in response to her inquiry about his request for a bad-conduct discharge, that he had thought about the matter and was convinced that a bad-conduct discharge was "what I deserve." Further, the staff judge advocate did not point to the appellant's less-than-sterling military record during that enlistment. The prosecutor introduced in sentencing a punishment under Article 15, UCMJ, 10 U.S.C. § 815 (1994), in September 1995 for disrespect to a commissioned officer, two letters of reprimand, both in May 1995, for being late to duty, and a civil court conviction in April 1993 for "assault" and "criminal damaging." Instead, the staff judge advocate said:

Staff Sergeant Gonyea's sentence was given by an extremely qualified and experienced military judge. It is my opinion that the sentence rendered is appropriate for the offenses committed. Accordingly, nothing contained in SSgt Gonyea's clemency matters convinces me to modify the opinions and recommendations expressed

in the staff judge advocate's recommendations.

We agree with the appellant that the staff judge advocate introduced "new matter" when he appealed to the qualifications and experience of the military judge to support his recommendation, rather than simply referring to matters in the record of trial. *See United States v. Cook,* 43 M.J. 829 (A.F.Ct. Crim.App.1996).

The question for us is how to remedy the error. We have treated violations of R.C.M. 1106(f)(7) as presumptively prejudicial, *United States v. Holt,* 38 M.J. 682, 683 (A.F.C.M.R.1993), *pet. denied,* 40 M.J. 268 (C.M.A.1994), and have either returned the record for correction or taken corrective action ourselves. *See Cook,* 43 M.J. at 831; *United States v. Thompson,* 43 M.J. 703, 707 (A.F.Ct.Crim.App.), *pet. denied,* 44 M.J. 66 (1996); *United States v. Komorous,* 33 M.J. 907, 911 (A.F.C.M.R.1991); R.C.M. 1106(d)(6). The Court of Appeals for the Armed Forces has generally approved this approach, but has allowed for the possibility that a "new matter" violation may be "so trivial" in a particular case that it "can be disregarded as a nonprejudicial violation of R.C.M. 1106(f)(7)." *United States v. Anderson,* 25 M.J. 342, 344 (C.M.A.1987). *See United States v. Jones,* 44 M.J. 242, 244 (1996).

Any inclusion of "new matter" into the post-trial review process is a serious matter, because the "essence of post-trial practice is basic fair play—notice and an opportunity to respond." *United States v. Leal,* 44 M.J. 235, 237 (1996). Before we can say that introduction of new matter was nonprejudicial, we must be able to say with certainty that the staff judge advocate's error did not affect the outcome. *See United States v. Hill,* 27 M.J. 293, 296 (C.M.A.1988) ("Generally, an accused is entitled to be placed in the position he would have occupied if an error [in the staff judge advocate's recommendation] had not occurred.").

■ We believe we can say with certainty that the error did not affect the outcome for

this appellant. The appellant, a career non-commissioned officer with more than 12 years of active duty, acknowledged in his post-trial clemency letter that he "should be discharged from the United States Air Force" because of his use of marijuana. The appellant never said that the inclusion of a bad-conduct discharge in his sentence was inappropriately severe. Rather, his plea was for clemency so that he could take advantage of veterans' benefits.

The appellant had no realistic chance of getting this particular form of clemency, for three reasons. One is that his prior record did not merit clemency. The appellant had a recent disciplinary record, as noted above, and his performance reports from 1993 on were poor. The second is that the relief he asked for, a discharge under other than honorable conditions, may well have deprived the appellant of any opportunity to use veterans' medical benefits. (The granting of veterans' benefits to a former military member discharged under other than honorable conditions, we judicially notice, is not a matter of right, but is a discretionary decision of the Veterans Administration.) The third is that the appellant got what he asked for—a bad-conduct discharge. The appellant's personal circumstances had not changed since trial, when he asked for a bad-conduct discharge. It is inconceivable to us that a convening authority would not approve the punitive discharge under these circumstances.

Under the particular circumstances of this case, we find no possibility that the staff judge advocate's remarks could have had any influence on the convening authority's decision to deny the appellant's request. This is not a "blanket rule" for any case in which the staff judge advocate refers gratuitously to the experience and qualifications of the military judge. *See Cook*, 43 M.J. at 830. In a different case, our assessment of the facts would likely result in a different conclusion.

We conclude the findings and the sentence are correct in law and fact, the sentence is appropriate, and no error prejudicial to the substantial rights of the appellant was committed. Accordingly, the findings of guilty and the sentence are

AFFIRMED.

Judges GAMBOA and SENANDER concur.