IN THE CASE OF


UNITED STATES, Appellee

v.

Thomas A. STEPHENS, Private First Class
U.S. Marine Corps, Appellant

No. 01-0750

Crim. App. No. 00-1833

United States Court of Appeals for the Armed Forces

Argued February 6, 2002

Decided April 10, 2002


Counsel


For Appellant:  Major Eric P. Gifford, USMC (argued and on brief).


For Appellee:  Lieutenant Christopher J. Gramiccioni, JAGC, USNR (argued);
    Colonel Rose M. Favors, USMC (on brief); Major William J. Collins, Jr.,
    USMC.



Military Judge:  J.S. Brady



**THIS OPINION IS SUBJECT TO EDITORIAL CORRECTION BEFORE FINAL PUBLICATION.**

PER CURIAM:

A special court-martial composed of a military judge sitting alone convicted appellant, pursuant to his pleas, of unauthorized absence terminated by apprehension and missing movement, in violation of Articles 86 and 87, Uniform Code of Military Justice, 10 USC §§ 886 and 887.  He was sentenced to a bad-conduct discharge, confinement for seventy-five days, forfeiture of $300 pay per month for three months, and reduction to pay grade E-1.  The convening authority approved these results, and the Court of Criminal Appeals affirmed in an unpublished opinion.

On appellant's petition, we granted review of the following issue:

> WHETHER APPELLANT WAS PREJUDICED BY THE
> CONVENING AUTHORITY'S FAILURE TO CONSIDER
> CLEMENCY MATERIAL SUBMITTED BY THE TRIAL
> DEFENSE COUNSEL.

For the reasons set forth below, we affirm.

## I.  Background

The staff judge advocate (SJA) completed his post-trial recommendation to the convening authority on June 19, 2000.  The SJA's recommendation was served on appellant the following day.  Appellant submitted clemency materials to the SJA on July 13, 2000.  The SJA forwarded the clemency materials to the convening

authority on September 6, 2000, as part of an addendum to the recommendation.  The addendum, which was served on appellant, also contained a proposed convening authority action. The convening authority took final action on the case on October 20, 2000, noting that he "specifically considered the results of trial, the record of trial, and the recommendation of the Staff Judge Advocate."  On appeal, appellant notes that the convening authority's final action listed materials considered by the convening authority, and that the list did not mention the clemency materials or the addendum to the SJA recommendation. According to appellant, the omission of these materials from the list is a significant indication that the convening authority did not consider these materials prior to taking final action.

II. Consideration of Clemency Materials

Article 60, UCMJ, 10 USC § 860, and Rule for Courts-Martial (RCM) 1107, Manual for Courts-Martial, United States (2000 ed.),[*] require the convening authority to consider clemency materials submitted by the accused pursuant to RCM 1105 and 1106.  In United States v. Craig, 28 MJ 321 (CMA 1989), our Court stated that "[s]peculation concerning the consideration of such matters simply cannot be tolerated in this important area of command

---

[*] Manual provisions are identical to the ones in effect at the time of appellant's court-martial.

prerogative." Id. at 325 (citing United States v. Siders, 15 MJ 272, 273 (CMA 1983). Accordingly, "this court will not 'guess' as to whether clemency matters prepared by the defense counsel were attached to the recommendation or otherwise considered by the convening authority." Id. (quoting United States v. Hallums, 26 MJ 838, 841 (ACMR 1988).

### III. Discussion

In Craig, the problem was caused by the fact that the SJA's recommendation expressly stated that the clemency materials were attached at "TAB A," but the recommendation in the record contained no attachments identified as TAB A. The present case is distinguishable, because the addendum to the SJA's recommendation in the record was complete, and it included appellant's clemency materials. We also note that the addendum included a proposed action, which the convening authority signed without change, indicating that he reviewed the addendum.

With respect to appellant's concern that the convening authority's final action did not include the clemency materials in the list of materials he considered in reaching his decision, we note that neither the UCMJ nor the Rules for Courts-Martial require the convening authority to state in the final action what materials were reviewed in reaching a final decision. It may be desirable to include such a list to facilitate

4

consideration and appellate review, but it is not mandatory.  We decline to hold that a document embodying the convening authority's final action is defective simply because it refers to the SJA's recommendation without also referring to attachments, such as an addendum or clemency materials.

## IV.  Conclusion

The decision of the United States Navy-Marine Corps Court of Criminal Appeals is affirmed.