# UNITED STATES NAVY-MARINE CORPS COURT OF CRIMINAL APPEALS WASHINGTON, D.C.

Before
K.J. BRUBAKER, D.C. KING, A.Y. MARKS
Appellate Military Judges

UNITED STATES OF AMERICA

v.

RICHARD C. ABERCROMBIE
CORPORAL (E-4), U.S. MARINE CORPS

NMCCA 201500279
SPECIAL COURT-MARTIAL

**Sentence Adjudged:** 6 May 2015.
**Military Judge:** LtCol David M. Jones, USMC.
**Convening Authority:** Commanding General, Marine Corps Recruit Depot/Eastern Recruiting Region, Parris Island, SC.
**Staff Judge Advocate's Recommendation:** LtCol K.M. Navin, USMC.  **Addendum**: Capt C.J. Fuller, USMC.
**For Appellant:** LtCol Richard A. Viczorek, USMCR.
**For Appellee:** Maj Tracey Holtshirley, USMC; LT James M. Belforti, JAGC, USN.

**17 March 2016**

---



## OPINION OF THE COURT

---

THIS OPINION DOES NOT SERVE AS BINDING PRECEDENT, BUT MAY BE CITED AS PERSUASIVE AUTHORITY UNDER NMCCA RULE OF PRACTICE AND PROCEDURE 18.2.

PER CURIAM:

A military judge sitting as a special court-martial convicted the appellant, pursuant to his pleas, of one specification each of indecent exposure and disorderly conduct in violation of Articles 120c and 134 of the Uniform Code of Military Justice, 10 U.S.C. §§ 920c and 934.  The military judge sentenced the appellant to nine months' confinement, reduction to pay grade E-1, and a bad-conduct discharge.  The convening authority (CA) approved the sentence as adjudged.

The appellant has raised three assignments of error (AOE):

I.      WHETHER THE APPELLANT WAS MATERIALLY PREJUDICED BY THE CA'S FAILURE TO CONSIDER HIS CLEMENCY SUBMISSION PRIOR TO TAKING ACTION ON THE CASE.

II.     WHETHER THE PROMULGATING ORDER FAILS TO COMPLY WITH R.C.M. 1114(C)(1) BECAUSE IT MISSTATES THE PLEAS, FINDINGS AND SPECIFICATION OF CHARGE II.

III.    WHETHER THE CA PURPORTED TO EXECUTE THE APPELLANT'S DISCHARGE.

We find merit in the second AOE and order corrective action in our decretal paragraph. We conclude the findings and sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant was committed. Arts. 59(a) and 66(c), UCMJ.

## Background

As the appellant alleges only post-trial processing errors, we begin with the staff judge advocate's recommendation (SJAR) in this case. In her SJAR, the staff judge advocate (SJA) advised the CA of his obligation to consider matters in clemency the appellant might submit and his inability to order the accused's discharge executed. Listing the matters the CA "must consider," the SJA included "any post-trial matters submitted by the defense[.]"[1] Later in the SJAR, the SJA reminded the CA he "was required to consider [post-trial matters submitted by the accused] in determining whether to approve or disapprove any of the findings of guilty and the action you take on the sentence."[2] Finally, the SJA closed her SJAR with: "[t]he punitive discharge awarded cannot be ordered executed until the case is deemed final on appeal."[3]

After receiving the appellant's clemency request, an addendum to the SJAR dated 3 August 2015 was prepared. The appellant's clemency package was Enclosure (4) to the SJAR addendum.[4] The addendum invited the CA's attention to the clemency package with the following:

On 24 July 2015, detailed defense counsel submitted matters for your consideration . . . specifically requesting that all remaining confinement be disapproved. Additionally, it is requested that the Bad-Conduct Discharge be disapproved and Corporal Abercrombie be administratively separated with an other than honorable characterization of service. Enclosure (4) pertains. You must now carefully consider these matters prior to taking action pursuant to reference (a).

---

[1] SJAR of 15 Jul 2015 at 1.

[2] *Id*. at 2.

[3] *Id*. at 3.

[4] Also attached as enclosures to the addendum was the 15 July 2015 SJAR with its enclosures, proof of service of the SJAR, the record of trial, and a proposed CA's action.

The addendum also advised the CA that the case was ready for his action and included a proposed CA's action for his signature.

The CA signed Special Court-Martial Order No. R15-09 (Order) two weeks later, approving the sentence in the case. Under "Matters Considered," the CA announced his consideration of "the results of trial, the record of trial and the recommendation of the staff judge advocate."

In its summary of the charges and specifications, the Order contains two errors. At trial, the appellant pled guilty to Specification 2 of Charge II, which alleged he "did . . . on or about 24 April 2014, intentionally expose" himself.[5] However, the Order incorrectly reported that the appellant pled guilty to Specification 1 of Charge II and "did . . . on or about 24 April 2014 *and on or about 7 March 2014*, intentionally expose" himself.

Finally, in his "Execution" paragraph, the CA ordered that "[s]ubject to the limitations contained in the Uniform Code of Military Justice, the Manual for Courts-Martial, applicable regulations, and this action, the sentence is ordered executed."

**Analysis**

We review allegations of error in post-trial processing *de novo*. *United States v. Kho*, 54 M.J. 63, 65 (C.A.A.F. 2000).

### I. Consideration of Matters in Clemency

The appellant points to the list of "Matters Considered" in the Order as evidence that the CA failed to consider the matters in clemency the defense submitted.

Article 60(c)(2), UCMJ, and RULE FOR COURTS-MARTIAL 1107(b)(3)(A)(iii), MANUAL FOR COURTS-MARTIAL, UNITED STATES (2012 ed.), require CAs to consider matters submitted by the accused pursuant to R.C.M. 1105 or 1106(f) before taking action on the findings and sentence of a court-martial. R.C.M. 1105 governs matters an accused may submit to a CA following a court-martial, including clemency recommendations. However, "neither the UCMJ nor the Rules for Courts-Martial require the convening authority to state in the final action what materials were reviewed in the reaching a final decision." *United States v. Stephens*, 56 M.J. 391, 392 (C.A.A.F. 2002). In *Stephens*, the SJA forwarded the accused's clemency materials to the CA via an addendum to the SJAR that was attached to the record of trial. The CA in *Stephens* noted in his action that he "specifically considered the results of trial, the record of trial, and the recommendation of the Staff Judge Advocate" before taking final action. *Id.* The Court of Appeals for the Armed Forces (CAAF) found *Stephens* distinguishable from the facts in *United States v. Craig*, 28 M.J. 321 (C.M.A. 1989). In *Craig*, the record suggested that the SJA received but never submitted the matters the accused submitted for clemency to the CA. *Id.* at 323-24. The CAAF declined to "'guess' as to whether clemency matters prepared by the defense counsel were attached to the recommendation or otherwise

---

[5] All other charges and specifications were withdrawn prior to arraignment, but the sole surviving original offense was not renumbered.

considered by the convening authority" and remanded the case. *Id.* at 325 (quoting *United States v. Hallums*, 26 M.J. 838, 841 (A.C.M.R. 1988)).

The facts before this court resemble those in *Stephens*, not *Craig*. The appellant's clemency matters were clearly identified as Enclosure (4), summarized in the body of the addendum to the SJAR, and appropriately attached to the record. The addendum repeated that the CA "must" consider the appellant's clemency matters before taking action and signing the Order. There is no uncertainty as to whether the SJA provided the clemency materials to the CA. The CA's failure to cite his consideration of the appellant's clemency matters explicitly in his Order is not a best practice, but it does not necessitate remand.

### II. *Promulgating Order Errors*

The appellant identifies two errors in the Order and requests a new Order in accordance with R.C.M. 1114(c)(1) and *United States v. Crumpley*, 49 M.J. 538, 539 (N.M.Ct.Crim.App. 1998). The appellant is entitled to a record that correctly reflects the results of his court-martial, *Crumpley*, 49 M.J. at 539. We will order appropriate action in the decretal paragraph.

### III. *Purported Execution of the Appellant's Discharge*

The appellant argues that, insofar as the CA purports to order execution of the appellant's bad-conduct discharge in his Order, the CA's action is a nullity and necessitates a new promulgating order. We agree that Article 71(c)(1), UCMJ, renders a CA incapable of executing a punitive discharge before a Court of Criminal Appeals conducts its final review. Thus, any promulgating order purporting to do so "is a legal nullity." *United States v. Bailey*, 68 M.J. 409 (C.A.A.F. 2009); *United States v. Tarniewicz*, 70 M.J. 543, 544 (N.M.Ct.Crim.App. 2011). A legal nullity does not require corrective action.

### Conclusion

The supplemental court-martial order will reflect that the appellant pled guilty to and was found guilty of Specification 2 of Charge II, which shall read as follows: "Specification 2: Did, at or near Okatie, South Carolina, on or about 24 April 2014, intentionally expose, in an indecent manner, his genitalia to Ms. [MSC]. Plea: Guilty. Finding: Guilty."

The findings and the sentence are affirmed.

For the Court

R.H. TROIDL
Clerk of Court

