*This opinion is subject to administrative correction before final disposition.*

# United States Navy–Marine Corps Court of Criminal Appeals

Before
HITESMAN, GASTON, and STEWART
Appellate Military Judges

_____

**UNITED STATES**
Appellee

**v.**

**Octavious D. GARY**
Lance Corporal (E-3), U.S. Marine Corps
Appellant

**No. 201800353**

Decided: 27 May 2020

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judge:
Terrance J. Reese

Sentence adjudged 7 September 2018 by a special court-martial convened at Marine Corps Base Camp Lejeune, North Carolina, consisting of a military judge sitting alone. Sentence approved by the convening authority: confinement for 100 days, reduction to pay grade E-1, and a bad-conduct discharge.

For Appellant:
*Captain Bree A. Ermentrout, JAGC, USN*

For Appellee:
*Major Kelli A. O'Neil, USMC*
*Lieutenant Jonathan Todd, JAGC, USN*

Senior Judge HITESMAN delivered the opinion of the Court, in which Senior Judge GASTON and Judge STEWART joined.

_____

**This opinion does not serve as binding precedent, but
may be cited as persuasive authority under NMCCA
Rule of Appellate Procedure 30.2.**

_____

HITESMAN, Senior Judge:

Appellant was convicted, pursuant to his pleas, of one specification of conspiracy to wrongfully distribute a controlled substance, in violation of Article 81, Uniform Code of Military Justice [UCMJ],[1] and one specification of wrongful distribution of a controlled substance, in violation of Article 112a, UCMJ.[2]

Appellant raises two assignments of error: (1) Appellant's pleas were improvident because the military judge failed to conduct an inquiry into the affirmative defense of duress, and (2) the convening authority failed to consider matters submitted by Appellant prior to taking action on the case.

We find no prejudicial error and affirm.

## I. BACKGROUND

Appellant and another Marine agreed to obtain and distribute MDMA,[3] a Schedule I controlled substance.[4] They travelled to Georgia and purchased MDMA and then returned to Camp Lejeune, North Carolina, where Appellant sold the MDMA.

During the providence inquiry into the conspiracy charge, the military judge asked, "Did anyone force or coerce you into the conspiracy to commit wrongful distribution of a controlled substance?"[5] Appellant responded, "No,

---

[1] 10 U.S.C. § 881 (2012).

[2] 10 U.S.C. § 912a (2012).

[3] MDMA is an acronym for 3,4-methylenedioxy-methamphetamine, also known as "ecstasy" or "molly."

[4] 21 U.S.C. § 812.

[5] Record at 18.

your Honor."[6] The military judge then asked Appellant if he could have avoided joining the conspiracy if he wanted to and whether his decision to join the conspiracy was freely made.[7] Appellant answered both questions, "Yes, your honor."[8] Later in the providence inquiry regarding wrongful distribution, the military judge asked Appellant, "Did anything or anyone force you to distribute this drug?[9] Appellant responded, "No, your Honor."[10] Responding to the military judge's additional questions, Appellant stated that he could have avoided distributing the drug if he had wanted to and he had no legal justification or excuse for distributing MDMA. The military judge found that Appellant's pleas were made voluntarily and with a factual basis. He found Appellant guilty of the charges in accordance with his pleas.

As part of the Defense sentencing case, Appellant read an unsworn statement explaining how his financial difficulties pushed him to the verge of bankruptcy and he decided to distribute MDMA to make himself debt-free. Both the trial counsel and Appellant's trial defense counsel [TDC] discussed Appellant's financial situation during their brief sentencing arguments.

TDC submitted a request for clemency pursuant to Rules for Courts-Martial [R.C.M.] 1105 and 1106 on 31 October 2018. Within the request, TDC asked the convening authority [CA] to defer forfeitures in order to provide Appellant's girlfriend and newborn son financial support. On 15 November 2018, under cover letter, the CA's staff judge advocate [SJA] provided him a prepared court-martial order [CMO], the initial Staff Judge Advocate's Recommendation [SJAR], an addendum to the SJAR, Appellant's clemency request, and the record of trial. In the cover letter, the SJA informed the CA that Appellant requested deferment of automatic forfeitures. The SJA further advised the CA that he "must carefully consider the matters submitted by detailed defense counsel."[11] The CA took action on Appellant's court-martial on 27 November 2018 by signing the CMO prepared by his SJA. The CMO contained conflicting statements. It stated that the CA considered Appellant's clemency request of 31 October 2018 before taking action in his case. Howev-

---

[6] *Id.*

[7] *Id.*

[8] *Id.*

[99] Record at 23.

[10] *Id.*

[11] Staff Judge Advocate ltr of 15 Nov 18.

er, it also erroneously stated that Appellant did not request deferment of any part of his sentence.[12]

Additional facts necessary to the resolution of the assignments of error are included in the discussion.

## II. DISCUSSION

### A. Financial Duress Is Not An Affirmative Defense

Appellant contends that the military judge erred and should have reopened the providence inquiry when Appellant reasonably raised an apparent affirmative defense of duress that was inconsistent with his plea.

Military judges have broad discretion to accept guilty pleas.[13] Prior to accepting a guilty plea, a military judge must ensure the plea is supported by a factual basis.[14] In the course of a guilty-plea proceeding, if an accused "sets up a matter inconsistent with their plea of guilty, the military judge must resolve the inconsistency or reject the plea."[15] "An affirmative defense . . . constitutes a matter inconsistent with the plea of guilty," but "not every mitigating statement or word requires further inquiry."[16] Nor does the "mere possibility of a defense . . . render a plea of guilty improvident."[17]

The military judge must elicit sufficient facts to satisfy every element of the offense in question, and a military judge's decision to accept a plea of guilty is reviewed for an abuse of discretion.[18] However, questions of law arising from the guilty plea are reviewed de novo.[19] A reviewing appellate court may reject a guilty plea only if there is a substantial basis in law or fact to question the plea.[20] After applying this standard, any conclusion reached

---

[12] The Government moved to attach an affidavit from the CA to the record. Although we granted that motion, we did not find the affidavit helpful and we did not consider it in resolving the issues raised in this case.

[13] *United States v. Inabinette*, 66 M.J. 320, 322 (C.A.A.F. 2008) (citation omitted).

[14] *Id.*

[15] *United States v. Simpson*, 77 M.J. 279, 282 (C.A.A.F. 2018).

[16] *United States v. Hayes*, 70 M.J. 454, 458 (C.A.A.F. 2012).

[17] *United States v. Bullma*n, 56 M.J. 377, 381 (C.A.A.F. 2002) (citation omitted).

[18] *Inabinette*, 66 M.J. at 322 (citations omitted).

[19] *Id.* (citing *United States v. Pena*, 64 M.J. 259 (C.A.A.F. 2007)).

by this Court "must overcome the generally applied waiver of the factual issue of guilt inherent in voluntary pleas of guilty."[21]

During the providence inquiry, the military judge correctly explained the elements necessary to establish a violation for conspiracy to wrongfully distribute MDMA and wrongful distribution of MDMA. Appellant stated that he understood the elements and definitions explained to him by the military judge and that they correctly described what he did. Appellant explained in his own words what he did and why he was guilty of the charges. The inquiry established a factual basis supporting each element of the specifications. The military judge found Appellant's guilty pleas to be provident and accepted them. We will not disturb a guilty plea once it is accepted unless the record reveals "a substantial conflict between the plea and the accused's statements or other evidence of record."[22]

Appellant claims that he raised the affirmative defense of duress when he read an unsworn statement to the military judge and stated, "I let the pressure build until I felt like I was on the verge of bankruptcy. So I made a plan to be debt free and not owe any money to anyone."[23]

The affirmative defense of duress exists where "the accused's participation in the offense was caused by a reasonable apprehension that the accused or another innocent person would be immediately killed or would immediately suffer serious bodily injury if the accused did not commit the act."[24] Thus, duress as an affirmative defense does not exist unless there is an apprehension of immediate death or serious bodily harm. Appellant did not at trial, and does not now, allege any such apprehension. Instead, Appellant attempts to shoehorn his troubled financial situation into the definition of duress. Accordingly, Appellant never raised the affirmative defense of duress and we find no basis in law or fact to question his pleas. We find the military judge did not abuse his discretion when he did not reopen the providence inquiry.

---

[20] *Simpson,* 77 M.J. at 282 *(citing Inabinette,* 66 M.J. at 322).

[21] *United States v. Dawson*, 50 M.J. 599, 601 (N-M. Ct. Crim. App. 1999); *accord* R.C.M. 910(j).

[22] *United States v. Shaw*, 64 M.J. 460, 462 (C.A.A.F. 2007) (citation omitted).

[23] Defense Exhibit A.

[24] R.C.M. 916(h).

**B. Post-Trial Processing**

Appellant contends that he is entitled to new post-trial processing because the CA did not consider his request to defer forfeitures before taking action in his case. The Government concedes that the CA erred when he failed to state the basis for his decision to deny Appellant's request to defer forfeitures. However, the Government argues that the CA tacitly denied Appellant's request when he ordered the adjudged sentence executed and that Appellant has suffered no prejudice because of the CA's failure to state the basis of his denial. We review the denial of a request for deferment for an abuse of discretion.[25]

*1. Clemency request*

Appellant submitted a clemency request after he had been served with the SJAR and the addendum to the SJAR. His clemency request letter referenced R.C.M. 1105 and 1106, but not 1101(c), which addresses the deferment of forfeitures. This request also contained a non-specific request to defer forfeitures. Since no forfeitures were adjudged, the deferment request could only apply to the automatic forfeitures of two-thirds pay per month which ran from the date of sentencing until the CA took action on the case. Appellant did not ask the CA to waive automatic forfeitures, which would affect those forfeitures from the date the CA took action on the case for the remainder of Appellant's sentence to confinement.

The CA is required to consider matters submitted by Appellant under R.C.M. 1105 and 1106 before taking action in the case.[26] This Court will not speculate, but looks to the record to determine whether the CA considered clemency matters submitted by TDC.[27]

Here, the SJA submitted a document package under cover letter to the CA to assist him in taking action in Appellant's case. TDC was listed under the "Copy to" line. The cover letter itself notified the CA of the Appellant's forfeiture deferment request and it advised the CA that he must carefully consider matters submitted by Appellant. There were several enclosures to the SJA's cover letter including Appellant's clemency request letter dated 31

---

[25] *United States v. Brownd*, 6 M.J. 338, 339 (C.M.A. 1979); R.C.M. 1101(c)(3).

[26] Article 60(c)(2)(A), UCMJ, and R.C.M. 1107(b).

[27] *United States v. Stephens*, 56 M.J. 391, 392 (C.A.A.F. 2002) (citation omitted).

October 2018. Also enclosed was a prepared CMO that the CA signed unchanged, indicating that he had reviewed the package.[28]

Appellant does not aver that the CA did not consider his clemency request, only that he may not have considered Appellant's deferment request, which was contained within that same clemency request. Appellant also concedes that error in the CMO with regard to deferment requests may have been the result of a drafter's error.

Despite the confusion created by the deferment request being embedded within TDC's clemency request and the SJA's drafting error, after considering the entire package submitted to the CA, we conclude that the CA considered the entirety of Appellant's clemency request, which included the request for deferment of forfeitures. We further conclude that the erroneous statement that Appellant had not requested such deferment was merely a drafting error (albeit one that the SJA and CA should have recognized).

*2. Deferment request*

The CA could only defer automatic forfeitures as requested until he took final action on Appellant's case. Therefore, when he signed the CMO, he in effect denied Appellant's request to defer forfeitures.

"When a convening authority acts on an accused's request for deferment of all or part of an adjudged sentence, the action must be in writing (with a copy provided to the accused) and must include the reasons upon which the action is based."[29] We consider the CA's action of ordering the adjudged sentence executed tantamount to denying the deferral-of-forfeitures request after due consideration.[30] However, in order to comply with the mandate in *Sloan* and R.C.M. 1101(3), the CA was required to articulate the reasons for denying the deferral request in writing. Because the CA failed to do so, we find that he erred and we now consider whether Appellant was prejudiced by that error. CA deferment decisions are reviewed for an abuse of discretion, but because the CA did not articulate the basis for his decision, we must

---

[28] *See Id.*

[29] *United States v. Sloan*, 35 M.J. 4, 7 (C.M.A. 1992), *overruled on other grounds by United States v. Dinger*, 77 M.J. 447, 453 (C.A.A.F. 2018).

[30] *See United States v. Phillips*, 2006 CCA LEXIS 61, *28-*29 (N-M. Ct. Crim. App. 16 March 2006) (considering the same in the context of a deferral of confinement request).

review the facts of this case for ourselves to determine whether deferment would have been appropriate, and thus whether Appellant was prejudiced.[31]

We consider the factors enumerated in R.C.M. 1101(c)(3) to determine if Appellant's deferment request should have been granted. We specifically note the serious nature of the offenses, the relatively lenient sentence adjudged, and Appellant's family situation. Appellant engaged in serious criminal misconduct. Although Appellant was willing to testify against his co-conspirator, he was convicted of conspiring to distribute and then actually distributing MDMA to persons in the vicinity of Marine Corps Base Camp Lejeune.

Pursuant to a pre-trial agreement, the CA agreed to suspend adjudged confinement in excess of 120 days, but provided no protection against forfeitures. The military judge sentenced Appellant to only 100 days' confinement, negating any effect on the sentence by the pre-trial agreement. By the time TDC submitted the clemency request including the deferment request to the CA, Appellant had already served more than half of his sentence to confinement. Rather than request deferment of forfeitures immediately after sentencing, Appellant waited until after he was served with both the SJAR and an addendum to the SJAR. Only then did he request deferment of forfeitures, embedded in his clemency request.

Finally, Appellant was still receiving one third of his pay while confined which he could have provided to his girlfriend and newborn child. There is no evidence that Appellant was the only source of their support or that they were otherwise in danger of suffering undue financial hardship. Additionally, as discussed above, the timing of the request indicates that forfeitures were not a priority to Appellant.

Considering the above factors, Appellant failed to meet his burden of showing that his interests and the interests of the community that would be furthered by the requested deferral outweigh the community's interests in imposition of the punishment on its effective date.[32] Under these circumstances, we find it was appropriate to deny Appellant's deferment request. Accordingly, we find that Appellant did not suffer any prejudice from the CA not articulating in writing the specific reasons for his denial.

---

[31] *Id.*

[32] *See* R.C.M. 1101(c)(3).

### III. CONCLUSION

The approved findings and the sentence are correct in law and fact and no error materially prejudicial to Appellant's substantial rights occurred. Arts. 59 and 66, UCMJ. The findings and sentence are **AFFIRMED**.

Senior Judge GASTON and Judge STEWART concur.

FOR THE COURT:

RODGER A. DREW, JR.
Clerk of Court